**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
JESUS ANGEL BASURTO, RIGOBERTO              Index No.: 18-cv-8858
SEBASTIAN RIVERA, MARIO ESCOBAR
SOSA, JOSE JAIME REYES PATRICIO, and
ISIDRO MENDOZA, *individually and on*
*behalf of others similarly situated,*

                         *Plaintiffs*,

            -against-

EDA FOOD INC. (D/B/A MUGHLAI
INDIAN CUISINE), KARENA FOODS INC.
(D/B/A MUGHLAI INDIAN CUISINE), and
GARY TULSIANI,

                         *Defendants.*
--------------------------------------------------------X

### PROPOSED VERDICT SHEET

We, the jury in the above-entitled action, render the following verdict on the

questions submitted to us:

THIS SPACE INTENTIONALLY LEFT BLANK

## QUESTIONS RELATING TO FLSA COVERAGE

**Question 1: Defendants' Status as Employers Under Fair Labor Standards Act**

Did Plaintiffs prove by a preponderance of the credible evidence that for the years 2016 through 2018, EDA FOOD INC. (D/B/A MUGHLAI INDIAN CUISINE) and KARENA FOODS INC.  (D/B/A MUGHLAI INDIAN CUISINE) were an enterprise which (1) had employees engaged in commerce or in the production of goods for commerce, or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and (2) had an annual gross volume of sales made or business done that is not less than $500,000.

2016:   YES _____          NO _____
2017:   YES _____          NO _____
2018:   YES _____          NO _____


## QUESTIONS RELATING TO PLAINTIFF JESUS ANGEL BASURTO

**Question 1.  Plaintiff JESUS ANGEL BASURTO:   Violation of Minimum Wage Provisions under Federal Fair Labor Standards Act and New York Labor Law**

Did Plaintiff JESUS ANGEL BASURTO prove by a preponderance of the credible evidence that the Defendants failed to pay him the minimum wage for the first 40 hours of work per week, at any time during his employment, in violation of the federal Fair Labor Standards Act and/or under the New York Labor Law?

(a)     the federal Fair Labor Standards Act?     YES _____     NO _____
(b)     the New York Labor Law?     YES _____     NO _____


**Question 2.  Plaintiff JESUS ANGEL BASURTO: Violation of Overtime Provisions Under Federal Fair Labor Standards Act and New York Labor Law**

Did Plaintiff JESUS ANGEL BASURTO prove by a preponderance of the credible evidence that the Defendants failed to pay him "time and a half" overtime pay for hours of work in excess of 40 per week, at any time during his employment, in violation of the federal Fair Labor Standards Act and New York Labor Law?

(a)   the federal Fair Labor Standards Act?   YES _____   NO _____
(b)   the New York Labor Law?   YES _____   NO _____

### Question 3.  Plaintiff JESUS ANGEL BASURTO: Violation of New York's "Spread of Hours" Law

Did Plaintiff JESUS ANGEL BASURTO prove by a preponderance of the credible evidence that the spread of hours from the time that he commenced work until the time he finished work exceeded 10 hours on any given day, at any time during his employment?

YES _____            NO _____

**If you answer NO to question 3, SKIP question 4**

### Question 4.         Plaintiff JESUS ANGEL BASURTO:  Amount of Violation of New York "Spread of Hours" Law

If you answered "YES" to Question 3, indicate the number of days you find that the spread of hours exceeded 10 hours for Plaintiff HERNAN REYES.

_____ days per week, from _____(date) to _____(date)
_____ days per week, from _____(date) to _____(date)
_____ days per week, from _____(date) to _____(date)
_____ days per week, from _____(date) to _____(date)
_____ days per week, from _____(date) to _____(date)

### Question 5.  Plaintiff JESUS ANGEL BASURTO:  Notice of Tip Credit

Do you find the Defendants have proven by a preponderance of the evidence that (1) prior to the start of Plaintiff's employment and after any change in his hourly rate of pay, the Defendants provided the Plaintiff JESUS ANGEL BASURTO written notice of his hourly rate of pay, overtime rate of pay, amount of tip credit and regular payday; (2) the notice stated extra pay would be required if tips were insufficient to bring Plaintiff up to minimum hourly rate; and (3) the notice was in English and any other language spoken by the Plaintiff as his primary language?

    (a)    the federal Fair Labor Standards Act?    YES _____    NO _____

    (b)    the New York Labor Law?    YES _____    NO _____

**Question 6.  Plaintiff JESUS ANGEL BASURTO: Non-tipped work**

Do you find the Defendants have proven by a preponderance of the evidence that Plaintiff JESUS ANGEL BASURTO did not, on any day within the period applicable to his claims spend a substantial amount of time (i.e. more than two hours or 20% or his shift) engaged in activities that are not customarily tipped such as cleaning?

YES _____               NO _____

**If you answered NO to question 6, SKIP question 7**

**Question 7.  Plaintiff JESUS ANGEL BASURTO amount of tipped work**

If you answered "YES" to question 11, identify any dates during the period indicated in the answer to question 11 when Defendants have proven by a preponderance of the evidence that Plaintiff JESUS ANGEL BASURTO did not, on any day within the period

applicable to his claims spend a substantial amount of time (i.e. more than two hours or

20% or his shift) engaged in activities that are not customarily tipped such as cleaning?

from _____(date) to _____(date),  _____ Hours Per Week

from _____(date) to _____(date),  _____ Hours Per Week

from _____(date) to _____(date),  _____ Hours Per Week

from _____(date) to _____(date),  _____ Hours Per Week


**Question 8.  Plaintiff JESUS ANGEL BASURTO: Whether Defendants' violations of law were willful.**

If you have found that Defendants violated the law as to Plaintiff HERNAN REYES,

please indicate whether such violation was willful.

WILLFUL _____            NOT WILLFUL _____


**Question 9.  Plaintiff JESUS ANGEL BASURTO: Whether Defendants' provided statutorily required Wage Notices?**

If you have found that Defendants violated the law as to Plaintiff JESUS ANGEL

BASURTO by failing to provide the statutorily required wage notices:

YES _____            NO _____


If yes, then state the number of years Defendants failed to provide such notices:

_____


**Question 10.        Plaintiff JESUS ANGEL BASURTO: Whether Defendants' provided statutorily required Wage Statements?**

If you have found that Defendants violated the law as to Plaintiff JESUS ANGEL

BASURTO by failing to provide the statutorily required wage statements:

YES _____                    NO _____

If yes, then state the number of weeks Defendants failed to provide such statements:

_____

THIS SPACE INTENTIONALLY LEFT BLANK

**QUESTIONS RELATING TO PLAINTIFF RIGOBERTO SEBASTIAN RIVERA**

**Question 1.  Plaintiff RIGOBERTO SEBASTIAN RIVERA:  Violation of Minimum Wage Provisions under Federal Fair Labor Standards Act and New York Labor Law**

Did Plaintiff RIGOBERTO SEBASTIAN RIVERA prove by a preponderance of the credible evidence that the Defendants failed to pay him the minimum wage for the first 40 hours of work per week, at any time during his employment, in violation of the federal Fair Labor Standards Act and/or under the New York Labor Law?

    (a)    the federal Fair Labor Standards Act?    YES _____    NO _____
    (b)    the New York Labor Law?    YES _____    NO _____

**Question 2.  Plaintiff RIGOBERTO SEBASTIAN RIVERA: Violation of Overtime Provisions Under Federal Fair Labor Standards Act and New York Labor Law**

Did Plaintiff RIGOBERTO SEBASTIAN RIVERA prove by a preponderance of the credible evidence that the Defendants failed to pay him "time and a half" overtime pay for hours of work in excess of 40 per week, at any time during his employment, in violation of the federal Fair Labor Standards Act and New York Labor Law?

    (a)    the federal Fair Labor Standards Act?    YES _____    NO _____
    (b)    the New York Labor Law?    YES _____    NO _____

**Question 3.  Plaintiff RIGOBERTO SEBASTIAN RIVERA: Violation of New York's "Spread of Hours" Law**

Did Plaintiff RIGOBERTO SEBASTIAN RIVERA prove by a preponderance of the credible evidence that the spread of hours from the time that he commenced work until the time he finished work exceeded 10 hours on any given day, at any time during his employment?

    YES _____        NO _____

**If you answer NO to question 3, SKIP question 4**

**Question 4.        Plaintiff RIGOBERTO SEBASTIAN RIVERA:    Amount of Violation of New York "Spread of Hours" Law**

If you answered "YES" to Question 3, indicate the number of days you find that the

spread of hours exceeded 10 hours for Plaintiff RIGOBERTO SEBASTIAN RIVERA.

_____ days per week, from _____(date)  to _____(date)
_____ days per week, from _____(date)  to _____(date)
_____ days per week, from _____(date)  to _____(date)
_____ days per week, from _____(date)  to _____(date)
_____ days per week, from _____(date)  to _____(date)

**Question 5.  Plaintiff RIGOBERTO SEBASTIAN RIVERA:  Notice of Tip Credit**

Do you find the Defendants have proven by a preponderance of the evidence that

(1) prior to the start of Plaintiff's employment and after any change in his hourly rate of

pay, the Defendants provided the Plaintiff RIGOBERTO SEBASTIAN RIVERA written

notice of his hourly rate of pay, overtime rate of pay, amount of tip credit and regular

payday; (2) the notice stated extra pay would be required if tips were insufficient to bring

Plaintiff up to minimum hourly rate; and (3) the notice was in English and any other

language spoken by the Plaintiff as his primary language?

        (a)    the federal Fair Labor Standards Act?    YES _____    NO _____

        (b)    the New York Labor Law?    YES _____    NO _____

**Question 6.  Plaintiff RIGOBERTO SEBASTIAN RIVERA: Non-tipped work**

Do you find the Defendants have proven by a preponderance of the evidence that Plaintiff RIGOBERTO SEBASTIAN RIVERA did not, on any day within the period applicable to his claims spend a substantial amount of time (i.e. more than two hours or 20% or his shift) engaged in activities that are not customarily tipped such as cleaning?

YES _____                    NO _____

**If you answered NO to question 6, SKIP question 7**


**Question 7.  Plaintiff RIGOBERTO SEBASTIAN RIVERA amount of tipped work**

If you answered "YES" to question 11, identify any dates during the period indicated in the answer to question 11 when Defendants have proven by a preponderance of the evidence that Plaintiff RIGOBERTO SEBASTIAN RIVERA did not, on any day within the period applicable to his claims spend a substantial amount of time (i.e. more than two hours or 20% or his shift) engaged in activities that are not customarily tipped such as cleaning?

from _____(date) to _____(date),  _____ Hours Per Week

from _____(date) to _____(date),  _____ Hours Per Week

from _____(date) to _____(date),  _____ Hours Per Week

from _____(date) to _____(date),  _____ Hours Per Week


**Question 8.  Plaintiff RIGOBERTO SEBASTIAN RIVERA: Whether Defendants' violations of law were willful.**

If you have found that Defendants violated the law as to Plaintiff RIGOBERTO

SEBASTIAN RIVERA, please indicate whether such violation was willful.

WILLFUL _____                    NOT WILLFUL _____

**Question 9.  Plaintiff RIGOBERTO SEBASTIAN RIVERA: Whether Defendants' provided statutorily required Wage Notices?**

If you have found that Defendants violated the law as to Plaintiff RIGOBERTO

SEBASTIAN RIVERA by failing to provide the statutorily required wage notices:

YES _____                    NO _____


If yes, then state the number of years Defendants failed to provide such notices:

_____

**Question 10.        Plaintiff RIGOBERTO SEBASTIAN RIVERA: Whether Defendants' provided statutorily required Wage Statements?**

If you have found that Defendants violated the law as to Plaintiff RIGOBERTO

SEBASTIAN RIVERA by failing to provide the statutorily required wage statements:

YES _____                    NO _____


If yes, then state the number of weeks Defendants failed to provide such statements:

_____


THIS SPACE INTENTIONALLY LEFT BLANK

**<u>QUESTIONS RELATING TO PLAINTIFF MARIO ESCOBAR SOSA</u>**

**Question 1. Plaintiff MARIO ESCOBAR SOSA:   Violation of Minimum Wage Provisions under Federal Fair Labor Standards Act and New York Labor Law**

Did Plaintiff MARIO ESCOBAR SOSA prove by a preponderance of the credible evidence that the Defendants failed to pay him the minimum wage for the first 40 hours of work per week, at any time during his employment, in violation of the federal Fair Labor Standards Act and/or under the New York Labor Law?

    (a)    the federal Fair Labor Standards Act?    YES _____    NO _____
    (b)    the New York Labor Law?    YES _____    NO _____

**Question 2. Plaintiff MARIO ESCOBAR SOSA: Violation of Overtime Provisions Under Federal Fair Labor Standards Act and New York Labor Law**

Did Plaintiff MARIO ESCOBAR SOSA prove by a preponderance of the credible evidence that the Defendants failed to pay him "time and a half" overtime pay for hours of work in excess of 40 per week, at any time during his employment, in violation of the federal Fair Labor Standards Act and New York Labor Law?

    (a)    the federal Fair Labor Standards Act?    YES _____    NO _____
    (b)    the New York Labor Law?    YES _____    NO _____

**Question 3. Plaintiff MARIO ESCOBAR SOSA: Violation of New York's "Spread of Hours" Law**

Did Plaintiff MARIO ESCOBAR SOSA prove by a preponderance of the credible evidence that the spread of hours from the time that he commenced work until the time he finished work exceeded 10 hours on any given day, at any time during his employment?

YES _____          NO _____

**If you answer NO to question 3, SKIP question 4**

**Question 4.        Plaintiff MARIO ESCOBAR SOSA:  Amount of Violation of New York "Spread of Hours" Law**

If you answered "YES" to Question 3, indicate the number of days you find that the spread of hours exceeded 10 hours for Plaintiff MARIO ESCOBAR SOSA.

_____ days per week, from _____ (date) to _____ (date)
_____ days per week, from _____ (date) to _____ (date)
_____ days per week, from _____ (date) to _____ (date)
_____ days per week, from _____ (date) to _____ (date)
_____ days per week, from _____ (date) to _____ (date)

**Question 5.  Plaintiff MARIO ESCOBAR SOSA:  Notice of Tip Credit**

Do you find the Defendants have proven by a preponderance of the evidence that (1) prior to the start of Plaintiff's employment and after any change in his hourly rate of pay, the Defendants provided the Plaintiff MARIO ESCOBAR SOSA written notice of his hourly rate of pay, overtime rate of pay, amount of tip credit and regular payday; (2) the notice stated extra pay would be required if tips were insufficient to bring Plaintiff up to minimum hourly rate; and (3) the notice was in English and any other language spoken by the Plaintiff as his primary language?

(a)        the federal Fair Labor Standards Act?     YES _____     NO _____

(b)        the New York Labor Law?               YES _____     NO _____

**Question 6.  Plaintiff MARIO ESCOBAR SOSA: Non-tipped work**

Do you find the Defendants have proven by a preponderance of the evidence that Plaintiff MARIO ESCOBAR SOSA did not, on any day within the period applicable to his

claims spend a substantial amount of time (i.e. more than two hours or 20% or his shift) engaged in activities that are not customarily tipped such as cleaning?

YES _____                              NO _____

**If you answered NO to question 6, SKIP question 7**

**Question 7.  Plaintiff MARIO ESCOBAR SOSA amount of tipped work**

If you answered "YES" to question 11, identify any dates during the period indicated in the answer to question 11 when Defendants have proven by a preponderance of the evidence that Plaintiff MARIO ESCOBAR SOSA did not, on any day within the period applicable to his claims spend a substantial amount of time (i.e. more than two hours or 20% or his shift) engaged in activities that are not customarily tipped such as cleaning?

from _____(date)  to _____(date),  _____ Hours Per Week

from _____(date)  to _____(date),  _____ Hours Per Week

from _____(date)  to _____(date),  _____ Hours Per Week

from _____(date)  to _____(date),  _____ Hours Per Week

**Question 8.  Plaintiff MARIO ESCOBAR SOSA: Whether Defendants' violations of law were willful.**

If you have found that Defendants violated the law as to Plaintiff MARIO ESCOBAR SOSA, please indicate whether such violation was willful.

WILLFUL _____                    NOT WILLFUL _____

**Question 9.  Plaintiff MARIO ESCOBAR SOSA: Whether Defendants' provided statutorily required Wage Notices?**

If you have found that Defendants violated the law as to Plaintiff MARIO ESCOBAR

SOSA by failing to provide the statutorily required wage notices:

YES _____                          NO _____


If yes, then state the number of years Defendants failed to provide such notices:

_____

**Question 10.         Plaintiff MARIO ESCOBAR SOSA: Whether Defendants'**
**provided statutorily required Wage Statements?**

If you have found that Defendants violated the law as to Plaintiff MARIO ESCOBAR

SOSA by failing to provide the statutorily required wage statements:

YES _____                          NO _____


If yes, then state the number of weeks Defendants failed to provide such statements:

_____


THIS SPACE INTENTIONALLY LEFT BLANK

**<u>QUESTIONS RELATING TO PLAINTIFF JOSE JAIME REYES PATRICIO</u>**

**Question 1.   Plaintiff JOSE JAIME REYES PATRICIO:  Violation of Minimum Wage Provisions under Federal Fair Labor Standards Act and New York Labor Law**

Did Plaintiff JOSE JAIME REYES PATRICIO prove by a preponderance of the credible evidence that the Defendants failed to pay him the minimum wage for the first 40 hours of work per week, at any time during his employment, in violation of the federal Fair Labor Standards Act and/or under the New York Labor Law?

> (a)     the federal Fair Labor Standards Act?     YES _____     NO _____
> (b)     the New York Labor Law?     YES _____     NO _____

**Question 2.  Plaintiff JOSE JAIME REYES PATRICIO: Violation of Overtime Provisions Under Federal Fair Labor Standards Act and New York Labor Law**

Did Plaintiff JOSE JAIME REYES PATRICIO prove by a preponderance of the credible evidence that the Defendants failed to pay him "time and a half" overtime pay for hours of work in excess of 40 per week, at any time during his employment, in violation of the federal Fair Labor Standards Act and New York Labor Law?

> (a)     the federal Fair Labor Standards Act?     YES _____     NO _____
> (b)     the New York Labor Law?     YES _____     NO _____

**Question 3.  Plaintiff JOSE JAIME REYES PATRICIO: Violation of New York's "Spread of Hours" Law**

Did Plaintiff JOSE JAIME REYES PATRICIO prove by a preponderance of the credible evidence that the spread of hours from the time that he commenced work until the time he finished work exceeded 10 hours on any given day, at any time during his employment?

YES _____               NO _____

**If you answer NO to question 3, SKIP question 4**

**Question 4.       Plaintiff JOSE JAIME REYES PATRICIO:  Amount of Violation of New York "Spread of Hours" Law**

If you answered "YES" to Question 3, indicate the number of days you find that the

spread of hours exceeded 10 hours for Plaintiff JOSE JAIME REYES PATRICIO.

_____ days per week, from _____(date)  to _____(date)
_____ days per week, from _____(date)  to _____(date)
_____ days per week, from _____(date)  to _____(date)
_____ days per week, from _____(date)  to _____(date)
_____ days per week, from _____(date)  to _____(date)

**Question 5.  Plaintiff JOSE JAIME REYES PATRICIO:  Notice of Tip Credit**

Do you find the Defendants have proven by a preponderance of the evidence that

(1) prior to the start of Plaintiff's employment and after any change in his hourly rate of

pay, the Defendants provided the Plaintiff JOSE JAIME REYES PATRICIO written notice of

his hourly rate of pay, overtime rate of pay, amount of tip credit and regular payday; (2) the

notice stated extra pay would be required if tips were insufficient to bring Plaintiff up to

minimum hourly rate; and (3) the notice was in English and any other language spoken by

the Plaintiff as his primary language?

        (a)     the federal Fair Labor Standards Act?     YES _____     NO _____

        (b)     the New York Labor Law?                   YES _____     NO _____

**Question 6.  Plaintiff JOSE JAIME REYES PATRICIO: Non-tipped work**

Do you find the Defendants have proven by a preponderance of the evidence that

Plaintiff JOSE JAIME REYES PATRICIO did not, on any day within the period applicable to

his claims spend a substantial amount of time (i.e. more than two hours or 20% or his shift) engaged in activities that are not customarily tipped such as cleaning?

YES _____                    NO _____

**If you answered NO to question 6, SKIP question 7**

**Question 7.  Plaintiff JOSE JAIME REYES PATRICIO amount of tipped work**

If you answered "YES" to question 11, identify any dates during the period indicated in the answer to question 11 when Defendants have proven by a preponderance of the evidence that Plaintiff JOSE JAIME REYES PATRICIO did not, on any day within the period applicable to his claims spend a substantial amount of time (i.e. more than two hours or 20% or his shift) engaged in activities that are not customarily tipped such as cleaning?

from _____(date)  to _____(date),  _____ Hours Per Week

from _____(date)  to _____(date),  _____ Hours Per Week

from _____(date)  to _____(date),  _____ Hours Per Week

from _____(date)  to _____(date),  _____ Hours Per Week

**Question 8.  Plaintiff JOSE JAIME REYES PATRICIO: Whether Defendants'
violations of law were willful.**

If you have found that Defendants violated the law as to Plaintiff JOSE JAIME REYES PATRICIO, please indicate whether such violation was willful.

WILLFUL _____                NOT WILLFUL _____

**Question 9.  Plaintiff JOSE JAIME REYES PATRICIO: Whether Defendants'
provided statutorily required Wage Notices?**

If you have found that Defendants violated the law as to Plaintiff JOSE JAIME REYES

PATRICIO by failing to provide the statutorily required wage notices:

YES _____                        NO _____

If yes, then state the number of years Defendants failed to provide such notices:

_____

**Question 10.        Plaintiff JOSE JAIME REYES PATRICIO: Whether Defendants' provided statutorily required Wage Statements?**

If you have found that Defendants violated the law as to Plaintiff JOSE JAIME REYES

PATRICIO by failing to provide the statutorily required wage statements:

YES _____                        NO _____

If yes, then state the number of weeks Defendants failed to provide such statements:

_____

**Question 11.        Plaintiff JOSE JAIME REYES PATRICIO: Whether Defendants'**

**employed 11 or more employees?**

If you have found that Defendants employed 11 or more employees in 2017:

YES _____                        NO _____

THIS SPACE INTENTIONALLY LEFT BLANK

<u>**QUESTIONS RELATING TO PLAINTIFF ISIDRO MENDOZA**</u>

**Question 1.   Plaintiff ISIDRO MENDOZA:  Violation of Minimum Wage Provisions under Federal Fair Labor Standards Act and New York Labor Law**

Did Plaintiff ISIDRO MENDOZA prove by a preponderance of the credible evidence that the Defendants failed to pay him the minimum wage for the first 40 hours of work per week, at any time during his employment, in violation of the federal Fair Labor Standards Act and/or under the New York Labor Law?

(a)     the federal Fair Labor Standards Act?     YES _____     NO _____
(b)     the New York Labor Law?     YES _____     NO _____

**Question 2.   Plaintiff ISIDRO MENDOZA: Violation of Overtime Provisions Under Federal Fair Labor Standards Act and New York Labor Law**

Did Plaintiff ISIDRO MENDOZA prove by a preponderance of the credible evidence that the Defendants failed to pay him "time and a half" overtime pay for hours of work in excess of 40 per week, at any time during his employment, in violation of the federal Fair Labor Standards Act and New York Labor Law?

(a)     the federal Fair Labor Standards Act?     YES _____     NO _____
(b)     the New York Labor Law?     YES _____     NO _____

**Question 3.   Plaintiff ISIDRO MENDOZA: Violation of New York's "Spread of Hours" Law**

Did Plaintiff ISIDRO MENDOZA prove by a preponderance of the credible evidence that the spread of hours from the time that he commenced work until the time he finished work exceeded 10 hours on any given day, at any time during his employment?

YES _____            NO _____

**If you answer NO to question 3, SKIP question 4**

**Question 4.          Plaintiff ISIDRO MENDOZA:  Amount of Violation of New York "Spread of Hours" Law**

If you answered "YES" to Question 3, indicate the number of days you find that the spread of hours exceeded 10 hours for Plaintiff ISIDRO MENDOZA.

_____ days per week, from _____(date)  to _____(date)
_____ days per week, from _____(date)  to _____(date)
_____ days per week, from _____(date)  to _____(date)
_____ days per week, from _____(date)  to _____(date)
_____ days per week, from _____(date)  to _____(date)


**Question 5.  Plaintiff ISIDRO MENDOZA:  Notice of Tip Credit**

Do you find the Defendants have proven by a preponderance of the evidence that (1) prior to the start of Plaintiff's employment and after any change in his hourly rate of pay, the Defendants provided the Plaintiff ISIDRO MENDOZA written notice of his hourly rate of pay, overtime rate of pay, amount of tip credit and regular payday; (2) the notice stated extra pay would be required if tips were insufficient to bring Plaintiff up to minimum hourly rate; and (3) the notice was in English and any other language spoken by the Plaintiff as his primary language?

(a)     the federal Fair Labor Standards Act?     YES \_\_\_\_\_     NO \_\_\_\_\_

(b)     the New York Labor Law?     YES \_\_\_\_\_     NO \_\_\_\_\_


**Question 6.  Plaintiff ISIDRO MENDOZA: Non-tipped work**

Do you find the Defendants have proven by a preponderance of the evidence that Plaintiff ISIDRO MENDOZA did not, on any day within the period applicable to his claims

spend a substantial amount of time (i.e. more than two hours or 20% or his shift) engaged in activities that are not customarily tipped such as cleaning?

YES _____                    NO _____

**If you answered NO to question 6, SKIP question 7**

**Question 7.  Plaintiff ISIDRO MENDOZA amount of tipped work**

If you answered "YES" to question 11, identify any dates during the period indicated in the answer to question 11 when Defendants have proven by a preponderance of the evidence that Plaintiff ISIDRO MENDOZA did not, on any day within the period applicable to his claims spend a substantial amount of time (i.e. more than two hours or 20% or his shift) engaged in activities that are not customarily tipped such as cleaning?

from _____(date)  to _____(date),  _____ Hours Per Week

from _____(date)  to _____(date),  _____ Hours Per Week

from _____(date)  to _____(date),  _____ Hours Per Week

from _____(date)  to _____(date),  _____ Hours Per Week

**Question 8.  Plaintiff ISIDRO MENDOZA: Whether Defendants' violations of law were willful.**

If you have found that Defendants violated the law as to Plaintiff ISIDRO MENDOZA, please indicate whether such violation was willful.

WILLFUL _____                 NOT WILLFUL _____

**Question 9.  Plaintiff ISIDRO MENDOZA: Whether Defendants' provided statutorily required Wage Notices?**

If you have found that Defendants violated the law as to Plaintiff ISIDRO MENDOZA by failing to provide the statutorily required wage notices:

YES _____                     NO _____

If yes, then state the number of years Defendants failed to provide such notices:

_____

**Question 10.        Plaintiff ISIDRO MENDOZA: Whether Defendants' provided statutorily required Wage Statements?**

If you have found that Defendants violated the law as to Plaintiff ISIDRO MENDOZA by failing to provide the statutorily required wage statements:

YES _____                     NO _____

If yes, then state the number of weeks Defendants failed to provide such statements:

_____

**Question 11.        Plaintiff ISIDRO MENDOZA: Whether Defendants' employed 11 or more employees?**

If you have found that Defendants employed 11 or more employees in 2017:

YES _____                     NO _____

THIS SPACE INTENTIONALLY LEFT BLANK

## INDIVIDUAL LIABILITY

**Question 1:  Individual Liability: GARY TULSIANI**

If you have found liability for any of the violations listed above, have Plaintiffs proven by a preponderance of the credible evidence that Gary Tulsiani was their employer when Plaintiffs worked for the Defendant corporations?

YES _____            NO _____

We, the jury, certify that the foregoing constitutes our verdict in this matter.

Dated: New York, New York
        May _____, 2020

_____
SIGNATURE OF THE FOREPERSON